UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE :

DANIEL GIULIO CACCAVELLI,

    Debtor.
_____/

Chapter 13
Case No. 12-63421
Hon. Walter Shapero

## OPINION DENYING MOVANT'S MOTION FOR RELIEF FROM STAY

Kathleen Caccavelli, (the "Movant") filed a motion for relief from stay to permit her to pursue an action against her former husband Daniel Giulio Caccavelli, (the "Debtor") in State Court in order to recover funds paid by Movant on Debtor's behalf. Specifically, Movant alleges she involuntarily (by way of garnishment) paid monies to the Internal Revenue Service (the "IRS") on account of a tax liability that was the legal obligation of the Debtor under their Divorce Judgment.

On October 12, 2012, a final Judgment of Divorce ("Divorce Judgment") was entered between the Debtor and Movant, in the Wayne County Michigan Circuit Court, the terms of which, among other things, obligated Debtor to assume and pay the balance of their joint 2010 and 2011 Federal, state or local income tax debts. Debtor filed this Chapter 13 Bankruptcy case on October 19, 2012, proposing a 60 month plan.

The specific tax debt at issue here is the joint Federal income tax liability for the year 2010. Movant claims, and the Debtor does not dispute, that a total of $8,135.27 was paid by the Movant in respect to that tax debt as follows: (1) $5,501.00 was garnisheed by the IRS from Movant's 2012 Federal income tax refund and applied towards the balance of that 2010 tax debt. (2) An additional $2,634.27 was garnisheed by the IRS from Movant's 2013 Federal income tax

1

refund and also applied towards the 2010 tax debt. The parties agree that (a) the subject tax liability was the obligation of the Debtor under the Divorce Judgment, and (b) that at some time in the past, Debtor paid directly to Movant $1,800 which was to be applied to the balance of the 2010 tax liability that Movant paid on behalf of the Debtor. The Movant filed a proof of claim on December 23, 2014, in the amount of $6,335.27, (which is $8,135.27, less the $1,800). Previously in this case, Debtor's plan, (which was confirmed by order dated February 1, 2013) did not contain any provision for this particular debt to be paid to Movant. The motion for relief from stay filed on October 15, 2014. When the motion was initially heard, it was then indicated the Debtor wanted, and was given time, to move for a post confirmation plan modification, in respect to the matter. Debtor filed such and it acknowledges the obligation to Movant in the amount indicated and proposes paying Movant's claim as a priority claim in full over the remaining life of the plan.

11 U.S.C. § 362 governs the automatic stay in Bankruptcy proceedings. Section 362(d) explicitly authorizes the Bankruptcy Court to lift the stay "for cause shown". Because the Code provides no definition of what constitutes "cause" under § 362(d), Courts must determine whether relief is appropriate on a case-by-case basis. *In re Laguna Associates Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994), *as amended on denial of reh'g and reh'g en banc (Sept. 9, 1994)* (citing *In re Zick,* 931 F.2d 1124, 1129 (6th Cir.1991)).

Not only are the relevant facts here undisputed, but, as noted, Debtor has agreed to pay Movant the indicated amount as a priority claim through his Chapter 13 Bankruptcy plan. At least pending the approval of the proposed plan modification, which is still pending, the Court does not yet see sufficient cause to lift the stay, but would revisit this issue, if the proposed modification as respects this claim is denied.

For the reasons set forth above, this Court denies the Movant's motion for relief from stay without prejudice. Debtor shall present an appropriate order.

.

**Signed on January 09, 2015**

                                                                              **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**